Defendant moves to dismiss this petition. As the motion is not supported by evidence of any sort, it takes the petition allegations as they may be read most favorably to the plaintiff. So read, the plaintiff alleges causes of action in three counts. Plaintiff is an Indian tribe and the suit is under 28 U.S.C. § 1505. Under this provision the cause must have accrued after August 28, 1946, and be one that would *1032 be otherwise cognizable if the claimant were not an Indian tribe. Thus, it must be brought within 6 years of accrual. 28 U.S.C. § 2501. The petition was filed January 25,1982.
Plaintiff alleges, Count I, government mismanagement of the timber resources of the tribal reservation, ended 1977; Count II, government wrongful investment of tribal funds in non-interest bearing accounts, ended 1977; and Count III, government expropriation of 1,440 acres of the reservation effected by an erroneous survey in 1881-83 and an Act of Congress in 1928. Defendant’s motion relies on limitations and absence otherwise of consent to the suit. Plaintiff, in its opposition, asserts fraudulent concealment of the cause of action, but this point is missing from the petition itself.
The petition cannot be dismissed at this time. By the petition allegations, a small portion of the Count I and II mismanagement may have occurred less than 6 years before action was brought. It would be premature to dismiss on the ground of absence of consent since the scope of statutory consent in this field is at issue before the Supreme Court in Mitchell v. United States, 229 Ct.Cl. 1, 664 F.2d 265 (1981). As to Count III, it appears that Congress restored the disputed land to the tribe in 1980, after nearly a century of exploitation by defendant and its licensees. The petition can, therefore, be read as claiming compensation for resources depleted from the land from time to time, rather than for the land itself. So reading Count III, we cannot hold now that the claim is entirely unconsented or is entirely barred by limitations.
When the petition is revised to state the claims more precisely, and when the Supreme Court has spoken in Mitchell, it will be possible to decide the limitations and consent issue, and other issues.
Accordingly, the motion to dismiss is denied without prejudice, and the cause is remanded to the trial division for further proceedings.